UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH LONDON,

    **Plaintiff,**

v.                                             Case No. 15-CV-431

PAT TOUTANT,
CARRIE KLIPFEL,
K. MCELLIGOTT,
MARC CLEMENTS,
BROOKS FELDMANN,
EDWARD WALLS,
CATHY A. JESS,
ROXIE,
PATRICIA NEINAIM, and
DAN STIMISMA,

    **Defendants.**

## ORDER

Plaintiff, Keith London, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

Plaintiff lacks the funds to pay an initial partial filing fee so the court waived the initial partial filing fee. I will grant plaintiff's motion for leave to proceed in forma pauperis. 28 U.S.C. § 1915(b)(4).

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In his complaint, plaintiff suggests "blatant misconduct" by defendants Toutant, McElligot, Klipfel, Roxie, Feldmann, and Clements (six of the ten defendants named) that resulted in an injury to plaintiff's ability to pursue judicial relief in this court. According to plaintiff, some defendants intentionally held plaintiff's pre-paid first class envelope addressed to this court's Clerk's Office. Plaintiff specifically challenges the policy that says inmates may not possess certified copies of their prison trust account

3

statements. This means they must submit a pre-paid envelope to the Business Office with a request, motion, or complaint, to be sent to the court. Plaintiff believes this is a ruse for the State to get a preview of complaints prisoners plan to file before they file them.

Plaintiff makes a number of other allegations, including tampering with plaintiff's envelopes addressed to various courts, numerous conduct reports against plaintiff in retaliation for his court cases, and his loss of his "medically unassigned" pay. He says Klipfel decided what legal materials were mailed out of the institution and denied plaintiff access to the courts.

Plaintiff also says he could not leave his cell for more than five and a half months, which meant he was unable to access the institution's law library, typewriters, or notary services.

Finally, though, plaintiff says that the Business Office personnel (Roxie, Toutant, McElligott, and Klipfel) conspired to disburse unauthorized money from plaintiff's release account to pay the initial partial filing fee ($1.32) in Case No. 14-CV-445 (E.D. Wis.). Plaintiff considers this theft, and he says Klipfel denied postage for plaintiff's mail addressed to the Dodge County Sheriff's Office to report this crime. Plaintiff suggests that defendants rushed to pay the IPFF without his request and therefore took away his right to withdraw the complaint before it could be screened.

It seems that plaintiff may be able to state claims for access to the courts and retaliation, but there are a few problems with plaintiff's complaint, in addition plaintiff not using the court's form complaint or included all of the sections in the form complaint. See Civil Local Rule 9(b) (E.D. Wis.). Plaintiff did not include a request for relief, as

4

Federal Rule of Civil Procedure 8(a) requires. Plaintiff also needs to provide a clearer narrative regarding what happened, who did it, and how they violated his rights. The current complaint will be dismissed without prejudice.

If plaintiff wants to proceed, he must file an amended complaint using the court's form and curing the deficiencies described in this Order. Such amended complaint must be filed on or before **Friday, May 20, 2016**. If the court receives an amended complaint, I will screen it pursuant to 28 U.S.C. § 1915A. If plaintiff does not file a timely amended complaint, I will dismiss this action for failure to prosecute. If plaintiff is unable to use the court's form due to his disability, he should closely follow its structure and include each of the sections in the form.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint filed on April 10, 2015 is **DISMISSED**.

**IT IS FURTHER ORDERED** that on or before **Friday, May 20, 2016**, plaintiff shall file an amended pleading curing the defects in the original complaint. Failure to

5

time file an amended complaint will result in dismissal of this action for failure to prosecute. Plaintiff must use the court's form complaint (or follow its form); the court will provide plaintiff with a copy of the form.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $350.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue

6

Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2016.

**BY THE COURT:**

s/ Lynn Adelman

_____
LYNN ADELMAN
United States District Judge